```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER PROSSER,**
              **Petitioner,**

       v.                          CASE NO. 06-3314-RDR

**FREDRICK LAWRENCE,**
**et al.,**
              **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

This action was filed pro se by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC). Petitioner styles this action as a "Petition for an Emergency Writ of Habeas Corpus under 28 U.S.C. 2255 and for Emergency Injunctive Relief."

<u>**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**</u>

Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit the affidavit described in subsection (a)(1), and a "certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). Petitioner has not provided the prescribed affidavit or the certified statement of his inmate account with his motion. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and Mr. Prosser will be given time to submit a proper motion. This action may not proceed until Mr. Prosser either pays the filing fee or submits a motion that conforms to the requirements of Section 1915(a).

**SCREENING**

Because Mr. Prosser is a prisoner, the court is required by statute to screen his filings and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**CLAIMS UNDER 28 U.S.C. § 2255**

This court has no jurisdiction over Mr. Prosser's petition under 28 U.S.C. § 2255, which is a motion attacking a federal sentence.  A Section 2255 petition must be filed in the sentencing court, and Mr. Prosser was clearly not sentenced in this court. Since he alleges he has never committed a federal crime, he has no federal sentence to attack.  Instead, he is serving a state sentence of life, with parole possible in 15 years, imposed in 1992 by the State of Missouri for second degree murder.

**CLAIMS FOR INJUNCTIVE RELIEF AND REGARDING CONDITIONS OF CONFINEMENT**

Mr. Prosser's complaint that conditions of confinement in his cell amount to cruel and unusual punishment and his request for an emergency injunction are in the nature of a civil action, which requires prepayment of a filing fee of $350 unless he files an adequate in forma pauperis motion.

Conditions of confinement claims are not grounds for federal habeas corpus relief.  This court could construe this action as a civil complaint rather than a habeas petition.  However, Mr. Prosser

2

may not proceed on his civil complaint until he has shown full exhaustion of prison administrative remedies. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. A complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison or detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice. Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative

3

grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice.

**HABEAS CORPUS CLAIMS**

Mr. Prosser seeks immediate release from prison based on his assertion that the State of Missouri "relinquished custody" to the U.S. Marshal's Service, which transported him across state lines and held him in federal and contract facilities in different states, in order for him to attend the federal court trial on a civil rights complaint filed by him.  He further asserts the State of Missouri lost jurisdiction by not taking custody of him at the end of the trial,[1] and claims he is now being held in federal custody without legal cause.

These allegations challenging extradition, inter-prison and interstate transfers, and place of current confinement are clearly not grounds for relief under 28 U.S.C. § 2255.  As challenges to the execution of Mr. Prosser's sentence, they are more appropriately raised under 28 U.S.C. § 2241.  However, again there is no indication that Mr. Prosser has exhausted administrative remedies within the MDOC or at the FDC on these claims or that he has exhausted judicial remedies in the State of Missouri.

---

[1] The trial was not a federal criminal proceeding.  Instead, Mr. Prosser filed suit in the United States District Court for the Western District of Missouri under 42 U.S.C. 1983 against several Missouri Department of Corrections (MDOC) officials, and the federal judge presiding over that case issued a writ of habeas corpus ad testificandum on October 4, 2006, commanding MDOC officials to produce him at the federal courthouse for trial on his complaint on October 16, 2006.

Moreover, the court finds Mr. Prosser's allegations fail to state a claim of constitutional violation. A State does not its lose authority over an inmate simply because he is borrowed and transported pursuant to a writ of habeas corpus ad testificandum, particularly when it is to attend the trial of his own federal civil rights lawsuit. Furthermore, the MDOC has the discretion to designate the place of Mr. Prosser's confinement, which could conceivably be a federal or contract facility in another state. Mr. Prosser presents no reason for this court to assume he is being confined other than for service of his Missouri state sentence.

Mr. Prosser shall be given time to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, and for failure to state facts showing a federal constitutional violation. If he fails to show cause within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to pay the filing fee of $350.00 or submit a motion for leave to proceed in forma pauperis that complies with 28 U.S.C. 1915, and to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies and for failure to state a claim.

The Clerk is directed to transmit forms to Mr. Prosser for filing a Motion for Leave to Proceed in forma pauperis.

**IT IS SO ORDERED**.

Dated this 22nd day of December, 2006, at Topeka, Kansas.

5

```
                              s/Sam A. Crow
                              U. S. Senior District Judge
```